## WELLS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Rehearing Denied Feb. 5, 1954.

J. B. Campbell and Carlos B. Pope, Barbourville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., James A. Inman, Commonwealth's Atty., Williamsburg, for appellee.

CAMMACK, Justice.

Goldie Wells is appealing from a judgment sentencing her to one year in prison on a charge of obtaining money under false pretenses. She asks that the judgment be reversed because (1) the trial court erred in overruling a demurrer to the indictment; and (2) error was committed in admitting incompetent evidence. Goldie Wells and Charlotte Johnson were indicted jointly and were tried together. Charlotte Johnson's sentence was probated.

The case can better be understood from the indictment. It follows:

"The said defendants, Goldie Wells and Mrs. Charlotte Johnson in the said county of Whitley, on the 21 day of May A.D. 1952, and before the finding of this indictment, did unlawfully, feloniously, with the intention to commit a fraud did knowingly, willfully and falsely represent, pretend and state to E. M. Thomas that they the said defendants were soliciting funds to bury a Mr. Wells, who had died leaving 7 children and defendants asked E. M. Thomas if he knew the Rev. Walter Clark and that the said Thomas did then and there by said representations, pretenses and statements having been made to him by the defendants and he relying on the truth of said representations, pretenses and statements gave the said defendants $1.00 in good and lawful money of the United States, the subject of larceny and of value, a further description of which is to the Grand Jurors unknown, and said defendants did then and there unlawfully, fraudulently and feloniously as aforesaid, obtain, take keep and carry away said money with the fraudulent intent then and there to convert the same to their own use and to permanently deprive the said Thomas of his property therein; Whereas, in truth and in fact as the defendants well knew that no person by the name of Wells died leaving seven children or any other number of children and that the Rev. Walter Clark had not authorized the defendants or either of them to solicit funds to bury a Mr. Wells or any other person and that said defendants made said statements for the purpose of defrauding the said Thomas and did commit said fraud."

The appellant contends that the indictment is defective because it did not allege false representations by the accused concerning authority or consent given them by Reverend Clark. As we view the indictment, the gravamen of the offense was that the accused obtained money from E. M. Thomas on false representations that a Mr. Wells had died, leaving seven children, when in fact such was not the case. The references to Reverend Clark were surplusage. The indictment was good.

The appellant asked that the testimony of Reverend Clark dealing with the use of his name be excluded. There was testimony showing that Reverend Clark's name had been used, and we fail to see how it was prejudicially erroneous for him to testify that he had not authorized the use of his name. He said also that he went out to make an investigation when he learned that his name was being used. The objection to the testimony of other witnesses was that what they said had no direct bearing upon the offense of getting money from Mr. Thomas. The gist of the testimony of these witnesses was that they were solicited by the appellant and Charlotte Johnson for money and food for destitute persons about the time Mr. Thomas was approached. The court gave the fol-

lowing admonition concerning the testimony of Nora Faulkner and Mrs. Laura Jones:

"Ladies and gentlemen of the jury, the evidence of the witness, Nora Faulkner, and also the evidence of the preceding witness, Mrs. Jones, may be received by you only for the purpose of showing, if in your opinion it does show, that the same defendants were on the said road on the said occasions and were engaged in a series of like solicitations of money. Bear in mind, of course, you are not trying these defendants or either of them for taking any money from Mrs. Faulkner or Mrs. Jones."

The court admonished the jury that the testimony of Alice Ward could not be considered for any purpose because "the element of time is too great according to the way this witness fixed it." The testimony of Mrs. Reba Taylor was not excluded because she said she was solicited on the same day as Mr. Thomas was solicited. This ruling was proper. The court was asked also to exclude the testimony of Mrs. Morton Loy because of its indefiniteness as to time. We think, however, that the court's ruling was correct, because this witness connected her testimony about the solicitations by reference to the time Reverend Clark made his investigation.

Judgment affirmed.